GEORGE HEINLIN, Respondent, *vs.* JOHN B. FISH, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Where a question of fact has been submitted to the Jury, upon which some pertinent evidence has been offered to prove the same, this Court will not set aside the verdict, on the ground that the evidence is insufficient to justify the finding of the Jury, especially where no evidence is offered to disprove the fact.

Points and Authorities for Appellant.

I.—The evidence is insufficient to justify the verdict.
It is incumbent on the Plaintiff, to entitle him to recover,

to prove that the contract set forth in the complaint was mutually abandoned and rescinded by the parties thereto, on the day of the pretended settlement, which is the basis of this action,—which is not proved, and no evidence introduced to prove. *See Case.*

It is admitted in the pleadings, and in the testimony of the Plaintiff (*folio* 33 *of the case*) that the Defendant was entitled to an offset of the following items. (*See Reply and bill of particulars thereto attached, and folio* 33 *of case.*):

|  |  |  |  |  |
|---|---|---|---|---|
| Cash retained | - | - | - | $10 55 |
| 1 sack flour | - | - | - | 2 00 |
| 6 months' house-rent | - | - | - | 24 00 |

$36 55

Which deducted from the amount claimed in summons and prayer for judgment, $180, and interest from October 11th, 1860, $14.84, in all $194.84—leaves the sum of $158.29, which the Plaintiff is entitled to receive, if he recover at all, instead of $181.32, as returned by the Jury.

Points and Authorities for Respondent.

I.—The evidence is sufficient to justify the verdict.

1. The Plaintiff has shown by the testimony in the case that there was a settlement of the respective claims of the parties, and the contract between the parties abondoned by mutual consent. (*See evidence of Plaintiff and Defendant in case, also last of folio* 37 *and fore part of folio* 38 *in case.*)

II.—The verdict of the Jury must stand in regard to the finding of a mutual abandonment of the contract and as to the settlement, as the testimony was taken and received upon the trial in relation thereto, without objection. *Derby & Day vs. Gallup,* 5 *Minn.,* 119; *Daniels vs. Winslow,* 2 *Minn.,* 113.

III.—The Court will not set aside the verdict of a Jury as being against evidence, unless there appears such a gross mistake as to warrant the belief that they have been governed by gross ignorance, prejudice or passion, or unless it be decidedly against the weight of testimony submitted to the

Jury. *Vide Gra. & Wat. N. T.*, 380, 381; *Abb. Pr. Rep.*, *vol.* 9, 45; 5 *Mass.*, 353; 15 *Pick.*, 291; 18 *Pick.*, 13; 8 *Pick.*, 122, 126; 5 *Minn.*, 339; 1 *Minn.*, 156; 17 *How. Pr. Rep.*, 524; 2 *Minn.*, *p.* 37.

IV.—The verdict of the Jury cannot be disturbed and a new trial ordered, for finding that Defendant was not entitled to an offset.

1. It is denied in the pleadings, and the testimony sustains the denial, that the Defendant is not entitled to an offset for any amount.

2. This action is brought to recover the amount found due at the time of settlement.

If the Jury were warranted in finding that there was a settlement, then they must find that the sum found due was the proper amount. Vide complaint as to amount claimed, also as to amount found due, see case folios 31 and 42. The testimony of Defendant, in folio 42, directly supports the complaint.

SANBORN & LUND, Counsel for Appellants.

E. S. JONES, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an action brought by the Respondent to recover the amount of $180, alleged to be due him from the Defendant, under a contract to perform work and labor for him. The complaint alleged a settlement between the parties, on the 8th of September, 1860, upon which said amount was found due the Plaintiff.

The answer admitted the performance of the labor, but denied the settlement, and claimed breach of the contract by the Defendant, and damages therefor. Also claimed a set-off, as specified in bill of particulars accompanying the answer. There was a reply denying the new matter set up in the answer.

The cause was tried by a Jury, who found a verdict for the Plaintiff for $181.35. The Defendant moved for a new trial upon a case settled, which motion was denied, and an appeal taken to this Court.

The case does not disclose a single exception taken by the Defendant to the introduction of evidence, or charge to the Jury. The first objection here urged by the Appellant is, that the evidence is insufficient to justify the verdict. It is claimed that it is incumbent on the Plaintiff to entitle him to recover to prove that the contract set forth in the complaint was mutually abandoned and rescinded by the parties hereto, on the day of the pretended settlement, which is the basis of this action, and that the same is not proved. It appears from the case that the Jury were charged that they must find such abandonment, in order to entitle the Plaintiff to recover.

The Plaintiff, in his testimony, stated among other things, as follows, viz. : " Patrick Riley brought in this written order," (which was then introduced in evidence) :

" Mr. George Heinlein:

" You will deliver the key of my mill to Patrick Riley, the bearer of this.

" Sept. 8, 1860.                              JOHN B. FISH."

This order is dated the same day as the settlement testified to by the witnesses, and Plaintiff testified he delivered the key on the order, and the evidence was received without objection. The evidence was certainly pertinent to the issue, and would tend to show that the Defendant had consented to or directed his discharge. Whether the evidence was sufficient to prove such issue, was within the province of the Jury to determine.

Where a question of fact has been submitted to the Jury, upon which some pertinent evidence has been introduced, to prove the same, this Court will not set aside the verdict, on the ground that the evidence is insufficient to justify the finding of the Jury, especially where no evidence is offered to disprove the fact. The Defendant, who was sworn in his own behalf, does not testify that the contract was not mutually abandoned and rescinded. He says that he " asked Heinlein if he had said that he intended to stop work and shut up my mill if I did not pay him a certain amount. He said that he had said so. I then told him I would do nothing further in the matter." This conversation occurred on the day and at

the time of the settlement, and shows that the Defendant was aware of the Plaintiff's intention to quit. And followed as it was the same evening by the demand for the key, we think the Jury had sufficient evidence to justify their finding the issue in favor of the Plaintiff.

It is also objected that the verdict is too large by $36.55, an amount made up of three items specified in the bill of particulars, accompanying the answer, and which the Appellant claims are admitted by the reply and by the testimony of the Plaintiff. We think the reply sufficiently puts in issue the set-off claimed in the answer, and that such was the understanding upon the trial, as evidence was introduced touching these items, and so far as the case shows, it was not claimed in the Court below that the reply admitted the set-off, or any part thereof. With regard to two of the items, viz., $10.55 in money, and one sack of flour, at $2, the Plaintiff admitted that he had received them, and that they were not included in the settlement with Defendant. With regard to the other item—that of the house-rent—we do not understand that to be admitted by Plaintiff's testimony. The whole testimony upon this point is in the cross-examination of the Plaintiff, and is stated in these words: "I claimed that Mr. Fish was not the owner of the house. The house rent was not included," (in the settlement.) This, certainly, cannot be claimed as an admission by the Plaintiff that he was owing Defendant house rent. The Defendant introduced no evidence to prove this item, or indeed any part of his set-off. On the contrary, on his cross-examination regarding the settlement between him and Plaintiff, he stated as follows, viz., " We did find, as we then understood the matter,—that there was due the Plaintiff $45 in cash, and store accounts above cash, and store payments. We also came to the conclusion, as we then understood the matter, that there was $135 due him in labor, work and materials." These are the precise amounts claimed by the complaint, and the Jury probably considered the conclusion then arrived at, as stated by both parties, was more correct, than the conclusion arrived at by the Defendant alone, after suit commenced.

With regard to the items, the receipt of which was admitted

by Plaintiff, and not considered in the settlement, we might order the amount to be remitted on the judgment, were it certain that the Jury had included them in their verdict. But this does not appear. Deducting the amount of these items ($12.55) from the claim of the Plaintiff, and there would remain $167.45. The interest on this amount from the time when demand was proved (Sept. 8, 1860) to the time of the rendition of the verdict, would amount to the sum found for the Plaintiff, at least within a few cents. There is no ground for disturbing the verdict, and the order refusing a new trial is affirmed.